UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT ALLEN,

               Plaintiff,

-against-

STAYVE THOMAS (EBRE RECORDING ARTIST); GEORGE SHERMAN (CEO OF GAMESTOP),

               Defendants.

1:21-CV-3841 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, asserts claims for the appropriation of his alleged idea for the name "GameStop," and seeks compensation for having that idea. Plaintiff sues: (1) Stayve Thomas, a recording artist who is also known as "Slim Thug"; and (2) George Sherman, the former Chief Executive Officer of GameStop Corporation. He invokes the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated August 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      Plaintiff alleges the following: When Plaintiff was 8 years old and living in Georgia, he "was . . . developing artists." (ECF 2, at 6.) Plaintiff did not have an opportunity to develop Defendant Stayve Thomas, a recording artist who is also known as "Slim Thug," but regarded him as a "father figure." (*Id.*) On one day when Plaintiff was 8 years old and playing video games on a handheld device at a gas station in Forest Park, Georgia, Thomas telephoned him and asked Plaintiff to give him a stage name. Plaintiff had the idea of giving Thomas the stage name

"GameStop." When he told Thomas, Thomas "got ecstatic and started to cheer[]." (*Id.*) Thomas told Plaintiff "'that's a good name.'" (*Id.*) Plaintiff stayed in contact with Thomas until Plaintiff became 13 years old. Since then, Plaintiff has been unable to get in contact with Thomas. "Today, GameStop is worth billions of dollars in monetary value." (*Id.* at 7.)

Plaintiff "look[s] to be compensated and also [to be] given credit for [his] ideas." (*Id.* at 8.) In addition, he is "looking to have [his] personal life back . . . " (*Id.*) "Due to [Plaintiff's] personal relationship" with Thomas, and in "consideration of GameStop employees[,] the relief" he seeks, which includes $55 million, "is fair." (*Id.* at 9.)

## DISCUSSION

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)*; see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Id.* (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Plaintiff should be familiar with these standards, which the Court has applied in dismissing multiple other actions that he has filed. Based on Plaintiff's history of filing vexatious litigation, by order dated June 28, 2021, the Court barred Plaintiff from filing future civil actions in this court IFP without first obtaining leave to file. *Allen v. Almanzar*, ECF 1:21-CV-3838, 5 (S.D.N.Y. June 28, 2021).

Because Plaintiff filed this action before the Court issued the filing restriction, this action is not subject to it. But this action is not a departure from Plaintiff's pattern of vexatious litigation.

The Court finds that Plaintiff's factual allegations – that as an 8 year-old child, he thought of the stage name "GameStop" for Defendant Stayve Thomas and told Thomas about it (Plaintiff does not allege how his idea was transmitted from Thomas to anyone having any connection with GameStop Corporation) – present no basis for a legally viable claim and are factually baseless.[1]

As the Supreme Court of the United States has held, where, as here, "the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" a court may dismiss a claim as "factually frivolous." *Denton v Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Id*. at 33. Even if Plaintiff's assertions could be construed as a claim for trademark infringement, Plaintiff clearly does not have any protectible trademark.[2] *See Neitzke v.*

---

[1] In other actions Plaintiff filed in this court, Plaintiff alleged that he also developed the brand names "Aquafina" and "Dasani." *Allen v. Finley*, ECF 1:21-CV-3840, 2; *Allen v. Payton*, ECF 1:21-CV-4698, 2.

[2] A trademark:

> is a very unique type of property. There is no such thing as property in a trademark except as a right appurtenant to an established business or trade in connection with which the mark is employed. Therefore, a trademark is not property in the ordinary sense, but only a word or symbol indicating the origin or source of a product. The owner of the mark acquires the right to prevent his goods from being confused with those of others and to prevent his own trade from being diverted to competitors through their use of misleading marks. There are no rights in a trade-mark beyond these.

*Pirone v. MacMillan, Inc.*, 894 F.2d 579, 581 (2d Cir. 1990) (internal quotation marks and citation omitted).

*Williams*, 490 U.S. 319, 327-28 (1989) ("Examples of [claims based on an indisputably meritless legal theory include] . . . claims of infringement of a legal interest which clearly does not exist. . . . Examples of [claims whose factual contentions are clearly baseless] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."). For these reasons, the Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally permit Plaintiff to amend his complaint. But the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss a complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"). The Court therefore declines to grant Plaintiff leave to amend.

The Court reminds Plaintiff that the filing restriction remains in effect with respect any future civil actions he files in this court IFP.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(B)(i).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 26, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge